# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 25-30756
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 24, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Eric Braziel,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:25-CR-5-1

———————————————————————

Before Wiener, Stewart, and Richman, *Circuit Judges*.

Per Curiam:[*]

Eric Braziel appeals the sentence imposed by the district court following his guilty plea conviction for conspiracy to commit wire fraud. He argues that the district court clearly erred in imposing a two-level enhancement under U.S.S.G. § 2B1.1(b)(10)(C) for the use of sophisticated means. He argues that another individual orchestrated the scheme and

—————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

prepared the financial documents and that his actions did not include the use of a complex, high-level, or state-of-the-art scheme. Although the parties dispute the applicable standard of review, we need not resolve this issue because Braziel's arguments fail under the ordinary clear error standard of review. *See United States v. Barcenas-Rumualdo*, 53 F.4th 859, 865 (5th Cir. 2022).

The district court's finding that Braziel's offense involved sophisticated means is plausible in view of the record as a whole. *See United States v. Mauskar*, 557 F.3d 219, 232 (5th Cir. 2009). After Braziel's application for an Economic Injury Disaster Loan (EIDC) for a fraudulent business was denied, he submitted documents in the name of a fictitious business, fraudulent tax records, and fraudulent bank account records with an application for a Paycheck Protection Program (PPP) loan. The district court could infer that Braziel intentionally submitted additional documents with the PPP loan application to make the business appear legitimate and to make the fraud more difficult to detect. We have affirmed the application of the sophisticated means enhancement in similar cases involving the use of fictitious business, fraudulent tax documents, and fraudulent bank accounts. *See United States v. Chon*, 713 F.3d 812, 822-23 (5th Cir. 2013); *United States v. Conner*, 537 F.3d 480, 492 (5th Cir. 2008); *United States v. Wright*, 496 F.3d 371, 379 (5th Cir. 2007). Braziel has not shown that the district court clearly erred in imposing the two-level enhancement under § 2B1.1(b)(10)(C) for the use of sophisticated means. *See Mauskar*, 557 F.3d at 232.

AFFIRMED.